IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID E. GOINS, )<br>)<br>Defendant. )<br>_____) | No. 07-10122-01-WEB |

## **Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of January 7, 2008. This written memorandum will supplement the court's oral ruling.

I. *Objections*.

1. Safety Valve reduction. Defendant's first objection is that he should receive a 2-level reduction in offense level pursuant to USSG 2D1.1(b)(11) (2007 ed.) because he satisfied the requirements of the safety valve. At the sentencing hearing, the Government announced that it would not oppose defendant's argument for the safety valve. Accordingly, the court sustains the objection, which reduces the offense level to 21 and results in an advisory guideline range of 37 to 46 months' imprisonment.

2. Minor Role Adjustment. Defendant's second objection is that he should receive a 2-level reduction under USSG 3B1.2 for being a minor participant in the offense. In support of his argument, defendant presented the testimony of his co-defendant and common law wife, Brenda Russell, who testified that the trip to obtain drugs from Arizona was her idea and that Mr. Goins had little knowledge of the purpose of the trip.

After hearing the testimony and reviewing the unchallenged portion of the Presentence Report, the court determined that the defendant was not entitled to a reduction under Section 3B1.2.  A minor participant reduction applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."  USSG § 3B1.2, comment, n. 5.  The evidence before the court shows that Mr. Goins was fully aware that the trip he engaged in was for a purpose related to the unlawful distribution of drugs and that he willingly joined in the offense.  When he was stopped by law enforcement, the defendant provided a false identity to the officer and gave a false account of his travel.  At the time of the defendant's plea of guilty, he admitted that he knew the trip was drug-related, although he said he thought the package he and Ms. Russell picked up in Arizona contained drug proceeds rather than drugs.  The evidence also showed that Mr. Goins drove the vehicle most of the way from Pennsylvania and back and that his assistance was vital to the transaction.  After considering all of the circumstances, the court concludes the defendant has not shown that he is entitled to a minor role reduction.

   3. <u>Inclusion or prior arrest in PSR</u>.  Defendant's third objection is to the listing of a prior arrest in ¶ 38 of the PSR.  Defendant argues the reference should be deleted because he was found not guilty of the offense in that instance.  The information in ¶ 38 merely provides background information.  It clearly states that the defendant was found not guilty of the offense and that the case was dismissed.   Accordingly, the court will not consider this prior charge against the defendant in determining his sentence.  The request to delete the reference in the PSR will be denied, however.

II. *Section 3553(a) factors*.

Defendant argues in a sentencing memorandum that a consideration of the § 3553(a) factors warrants a lesser sentence in this case. The court considered these arguments, including the evidence of the defendant's poor health and his role in the offense, as well as his history and personal characteristics. After considering all of the factors in § 3553(a), including the need to provide just punishment for the offense and to provide adequate deterrence, as well as the need to avoid unwarranted disparities in sentencing, the court concludes that a sentence of 37 months' imprisonment, which is at the low end of the advisory guideline range (together with the other terms and conditions of sentence imposed at the sentencing hearing) represents an appropriate sentence in this case.

II. *Conclusion*.

The defendant's objections to the Presentence Report are SUSTAINED IN PART and DENIED IN PART as stated above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this __8th__ Day of January, 2008, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge